# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Paul E. Plunkett | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 6622 | **DATE** | 4/28/2000 |
| **CASE TITLE** | MARGARO TORRES, JR., et al vs. CITY OF CHICAGO, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: the City's motion to dismiss plaintiffs' amended complaint is granted in part and denied in part. Plaintiff Torres has fourteen days from the date of this Memorandum Opinion and Order to amend his drug test claim, if he can do so and remain in compliance with Federal Rule of Civil Procedure 11. If no amendment is filed, the drug test claim will be dismissed with prejudice. The parties will complete all discovery in this case on or before 11/1/00 and are ordered to appear before the Court at a status hearing on 8/2/00 at 9:15a.m.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | Document Number |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | MAY - 1 2000 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 21 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | | | 00 APR 28 PM 10:11 | date mailed notice |
| TBK | courtroom deputy's initials | | | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

Date Order Form (06/97)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

MARGARO TORRES, JR. and  )
NOEL VASQUEZ,            )
        Plaintiffs,  )
          )
          )    No. 99 C 6622
  v.  )    Paul E. Plunkett, Senior Judge
          )
CITY OF CHICAGO and CHICAGO  )
FIREFIGHTERS UNION,  )
          )
        Defendants.  )

## MEMORANDUM OPINION AND ORDER

Plaintiffs Margaro Torres, Jr. and Noel Vasquez have sued the City of Chicago ("the City") for its alleged violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. Vasquez has also sued the Chicago Firefighters Union for its alleged violations of that statute. The City has filed a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss portions of plaintiffs' amended complaint. For the reasons set forth below, the City's motion is granted in part and denied in part.

## Facts

Torres, who is Hispanic, has been a Chicago firefighter since 1980. (Am. Compl., Count I ¶ 3.) Sometime in April 1998, Torres had a verbal altercation with his District Chief. (Id. ¶¶ 7, 10; id., Ex. B, Torres Charge of Discrimination.) As a result of this altercation, in July 1998, Torres was suspended without pay for six days and required to take a drug test. (Id.) Though Torres passed the

1

drug test, he was "sent home without reason, in front of co-workers, leaving the impression and stigma of failing or testing positive for such a drug test." (Id., Count I ¶ 10.)

On December 17, 1998, Torres filed a charge of discrimination with the EEOC. In it, he stated:

> I believe that I have been discriminated against because of my national origin, Hispanic, in violation of Title VII of the Civil Rights Act of 1964, as amended, in that I was subjected to a drug test without reason and I was suspended for six days without pay, whereas non-Hispanic whites who routinely have highly vocal altercations with the District Chief have not been similarly-disciplined and some not been disciplined at all and have not been humiliated by being required to take a drug test without a reason.

(Id., Ex. B, Torres Charge of Discrimination.)

Vasquez, who is Hispanic, became a Chicago firefighter in 1985 and a Lieutenant in 1995. (Id., Count II ¶ 3.) On December 17, 1998, Vasquez filed a charge of discrimination with the EEOC alleging that he had been "subjected to profanity and alleged incompetency by the 7th District Chief," suspended twice and disciplined three times during 1998 "because of [his] national origin, Hispanic." (Id., Ex. C, Vasquez Charge of Discrimination.)

### The Legal Standard

On a Rule 12(b)(6) motion to dismiss, the Court accepts as true all well-pleaded factual allegations of the complaint, drawing all reasonable inferences in plaintiffs' favor. Midwest Grinding Co. v. Spitz, 976 F.2d 1016, 1019 (7th Cir. 1992). No claim will be dismissed unless "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

2

## Discussion

In their amended complaint, plaintiffs allege that they have been discriminated against on the basis of their race and national origin. (Am. Compl., Count I ¶ 10; id., Count II ¶ 12.) The City contends that the race claims must be dismissed because they are beyond the scope of plaintiffs' EEOC charges.[1] While it is true that Title VII plaintiffs can only sue on claims that were included in their EEOC charges, Cheek v. Western & S. Life Ins. Co., 31 F.3d 497, 500 (7th Cir. 1994), the term "included" is interpreted very broadly. Thus, a claim is included in a charge if it is "like or reasonably related to the allegations of the charge" or grows out of those allegations. Id. (internal quotation marks and citation omitted). Claims are alike or reasonably related if they "describe the same conduct and implicate the same individuals." Id. at 501.

Plaintiffs' race discrimination claims easily satisfy that test. The discrimination claim Torres asserts in the amended complaint implicates the same conduct and individuals as that asserted in his EEOC charge. In both documents, he claims that the City discriminated against him by suspending him and requiring that he take a drug test because he had a verbal altercation with his District Chief. (Compare Am. Compl., Count I ¶¶ 7-11 with id., Ex. B, Torres Charge of Discrimination.) The same is true for Vasquez's claims. In both the amended complaint and his EEOC charge, he alleges that the City discriminated against him when the Deputy Fire Commissioner disciplined and suspended him and the 7th District Chief subjected him to profanity and allegations of incompe-

---

[1] In response to the City's motion, plaintiffs submitted their EEOC intake questionnaires, which indicate that plaintiffs complained of both race and national origin discrimination. The City contends that we cannot consider these documents on a motion to dismiss. Though we are inclined to agree with the City, it is not an issue we need to decide because the City's motion can be resolved without looking beyond the amended complaint.

tency. (Compare id., Count II ¶¶ 8, 12 with id., Ex. C, Vasquez Charge of Discrimination.) The only difference between the charges and the amended complaint is that the former indicate that the discrimination was based solely on national origin while the latter alleges race and national origin discrimination.

Plaintiffs' failure to check the race discrimination box on their EEOC charges does not mandate dismissal of their race claims. Technically, the term "Hispanic" denotes an ethnic origin not a race. St. Francis College v. Al-Khazraji, 481 U.S. 604, 610 n.4 (1987) (noting the "common popular understanding that there are three major human races--Caucasoid, Mongoloid, and Negroid."). Despite its denotation, as one court noted, "Hispanic" is often used as a racial classification:

> The terms "race" and "racial discrimination" may be of such doubtful sociological validity as to be scientifically meaningless, but these terms nonetheless are subject to a commonly-accepted, albeit sometimes vague, understanding. . . . On this admittedly unscientific basis, whites are plainly a "race" susceptible to "racial discrimination;" Hispanic persons and Indians, like blacks, have been traditional victims of group discrimination, and, however, inaccurately or stupidly, are frequently and even commonly subject to a "racial" identification as "non-whites."

Budinsky v. Corning Glass Works, 425 F. Supp. 786, 788 (W.D. Pa. 1977). This common use, or misuse, of the term has blurred the line between race and national origin discrimination as it pertains to Hispanics. Consequently, the term "Hispanic" is unique, encompassing the concepts of both race and national origin in a way that the terms "white," "black" and "Asian" do not. Alonzo v. Chase Manhattan Bank, N.A., 25 F. Supp. 2d 455, 459 (S.D.N.Y. 1998). This dual understanding of the term Hispanic "would reasonably cause the EEOC to investigate discrimination based both on national origin and race, thereby satisfying the 'reasonably related' requirement, even though [plaintiffs] only checked the box labeled 'national origin' on [their] EEOC charge[s]." Id. In short,

4

plaintiffs' claims of race discrimination are included in their EEOC charges of national origin discrimination. The City's motion to dismiss these claims is, therefore, denied.

Next, the City argues that Torres' drug test claim must be dismissed because a drug test does not constitute an adverse employment action, one of the elements of the Title VII prima facie case. Rothman v. Emory Univ., 123 F.3d 446, 451 (7th Cir. 1997). The term "adverse employment action," refers only to those actions that cause a materially adverse change in the terms or conditions of employment. Spring v. Sheboygan Sch. Dist., 865 F.2d 883, 885 (7th Cir. 1989). "A materially adverse change might be indicated by a termination in employment, a demotion evidenced by a decrease in wage or salary, a less distinguished title, a material loss of benefits, significantly diminished material responsibilities, or other indices that might be unique to a particular situation." Crady v. Liberty Nat'l Bank & Trust Co., 993 F.2d 132, 136 (7th Cir. 1993) (citations omitted). Though the term is interpreted broadly in this circuit, "not everything that makes an employee unhappy is an actionable adverse action." Smart v. Ball State Univ., 89 F.3d 437, 441-42 (7th Cir. 1996) (holding that "negative performance evaluations alone do not constitute an actionable adverse employment action"); Crady, 993 F.2d at 135-36 (holding that lateral transfer to job with same salary, benefits and level of responsibility was not an adverse employment action); Spring, 865 F.2d at 886 (holding that reassignment of school principal, which did not negatively impact responsibilities or salary, was not adverse employment action under ADEA).

Torres alleges that the drug test affected him adversely because he was "was sent home without reason" after having taken it, "leaving the impression and stigma" among his co-workers that he had failed the drug test. (Am. Compl., Count I ¶ 10.) The alleged damage to Torres' image would only constitute an actionable adverse action if maintaining a favorable image among his co-

workers were a term or condition of his employment as a Chicago firefighter. See Spring, 865 F.2d at 886 (public perception that transfer was a "nudge towards retirement" did not constitute actionable adverse action because "public perceptions were not a term or condition of [plaintiff's] employment"). Torres does not and, undoubtedly, cannot, allege that it is. Accordingly, Torres' Title VII claim based on the drug test is dismissed.

The dismissal is without prejudice, however. Though Torres has not alleged that the drug test constituted an adverse employment action, it does not mean that he cannot do so. Consequently, we will give Torres an opportunity to amend his claim.

Finally, the City argues that to the extent Vasquez's Title VII claim is based on events that occurred before February 20, 1998, 300 days before he filed his EEOC charge on December 17, 1998, it must be dismissed. Filipovic v. K&R Express Sys., Inc., 176 F.3d 390, 396 (7th Cir. 1999) ("In Illinois, a [Title VII] complainant must file a charge with the EEOC within 300 days of the alleged discriminatory act and failure to do so renders the charge untimely."). The City's argument arises from Vasquez's allegation that he received "at least three disciplinary actions from the Deputy Fire Commissioner." (Id., Count II ¶ 8.) Though Vasquez does not allege the dates of those disciplinary actions in the amended complaint, it is clear from his EEOC charge that they occurred sometime in 1998. (Id., Ex. C, Vasquez Charge of Discrimination) ("During 1998, I received at least three (3) disciplinary actions from the Deputy Fire Commissioner.").) Accordingly, to the extent that Vasquez's Title VII claim is based on any disciplinary action that occurred before February 20, 1998, it is time-barred and is dismissed.

## Conclusion

For the reasons stated above, the City's motion to dismiss plaintiffs' amended complaint is granted in part and denied in part. Plaintiff Torres has fourteen days from the date of this Memorandum Opinion and Order to amend his drug test claim, if he can do so and remain in compliance with Federal Rule of Civil Procedure 11. If no amendment is filed, the drug test claim will be dismissed with prejudice. The parties will complete all discovery in this case on or before November 1, 2000 and are ordered to appear before the Court at a status hearing on August 2, 2000 at 9:15 a.m.

**ENTER:**

_____
UNITED STATES DISTRICT JUDGE

DATED: 4-28-00